UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIP SYSTEMS, LLC, ET AL. § | |
| § | |
| PLAINTIFFS, § | |
| § | |
| VS. § | |
| § | Case No. 4:06-cv-0253 |
| SBC OPERATIONS, INC., § | |
| ET AL. § | |
| § | |
| DEFENDANTS. § | |

**PLAINTIFFS TIP SYSTEMS, LLC AND TIP SYSTEMS HOLDING
COMPANY, INC.'S RESPONSE TO DEFENDANT SECURUS TECHNOLOGIES,
INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, TIP Systems, LLC and TIP Systems Holding Company, Inc. ("TIP Systems"), by and through their attorneys, Obermayer, Rebmann, Maxwell & Hippel LLP and Strasburger & Price, LLP, hereby respond to Defendant Securus Technologies, Inc.'s ("Securus") Motion for Summary Judgment, as follows:

1.  **Introduction**

In its motion, Securus distances itself from the business of selling telecommunications services (and the infringing products at issue) by stating that it is not a "tariffed entity" with a license to do so, and therefore not a proper party to this case. Securus fails to mention the four hundred million ($400,000,000.00) in operating revenues it derived from the business of selling telecommunications services in 2006 alone, a fact boldly proclaimed to its investors on its website.[1] In addition, Securus fails to note that its Vice President of Servicing Operations is

---

[1] See Ex. E ("Securus Technologies Announces Investor Call"), infra.

involved in every aspect of the inmate phone business of its subsidiaries, from contractual negotiation, RFP responses, purchasing and supply to deciding how to steer the subsidiaries' businesses, and is in direct control of the subsidiaries' employees. Securus also ignores the fact that it advertises its business of selling telecommunications services on its website, and uses its trademark in association with its subsidiaries in contracting with inmate facilities, and places its name in correspondence to potential customers. In short, Securus' disingenuous assertions ring hollow. Securus is a proper party to this action.

Securus also argues that the doctrine of *res judicata* and judicial efficiency bar TIP Systems' claims with respect to infringement issues. However, the related action of <u>TIP Systems, LLC, et. al v. Phillips & Brooks/Gladwin, Inc., et. al</u>, U.S. Dist. Ct., S.D. Tx., No. 04-3718 ("the related action") is currently on appeal to the United States Court of Appeals for the Federal Circuit[2], which appeal has not yet been resolved, and TIP Systems renews its Motion to Stay the instant action until the appeal is resolved. As to Securus' judicial efficiency arguments, the Court in the related action necessitated the filing of the instant action when it denied TIP Systems' Motion to Amend to include Securus as a defendant to the related action. Any resulting judicial inefficiency is thus warranted, as the Court itself dictated a separate action against Securus and chose not to consolidate the two co-pending actions.

Finally, Securus identically sets forth each of the arguments the Evercom Defendants argued in the related action in support of their Motion for Summary Judgment of non-infringement, willfulness and invalidity.[3] Securus has also argued here that summary judgment is warranted due to alleged inequitable conduct, an argument disallowed in the related action.

---

[2] <u>TIP Systems v. Phillips & Brooks/Gladwin, Inc.</u>, No. 2007-1241, -1249 (U.S. Ct. App., Fed. Cir.).
[3] The Evercom Defendants' Motion for Summary Judgment was denied as to all invalidity claims.

For the reasons set forth in TIP Systems' Response to the Evercom Defendants' Motion for Summary Judgment, the instant motion should be denied as to non-infringement, willfulness and invalidity. For the reasons set forth herein, summary judgment on the inequitable conduct claim should be also denied.

2.  **Factual and Procedural History**

In this patent infringement action, TIP Systems alleges that Securus has willfully infringed U.S. Patents, Nos. 6,009,169 ("'169") and 6,512,828 ("'828"), which disclose a cord-free inmate telephone. (The '169 and '828 patents are attached hereto as Exhibits "A" and "B," respectively).[4] This action and the related action involve identical patents and, with respect to Securus, identical claims of infringement.

TIP Systems attempted, via motion for leave to file an amended complaint, to add Securus, as a defendant to the related action, but were unsuccessful. See Docket Entries ("Doc.") 108 & 113 for the related action, attached hereto as Exhibit "D." Therefore, in order to assert its claims of patent infringement against Securus, the instant action was filed. *See id.* (Doc. 117 ("Notice of Related Case")).

On February 28, 2007, the Court in the related action granted the motions for summary judgment for non-infringement based upon the products sold by the Evercom Defendants and Defendant Independent Technologies, Inc. (the 7090CF and 7090SPSS phones), and entered Orders of Final Judgment with respect thereto. See Ex. D (Docs. 204-207). On March 21, 2007, TIP Systems filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. See Ex. D (Doc. 211).

---

[4] See Declaration of Matthew A. Kelly, Esq., attached hereto as Exhibit "C."

TIP Systems filed a Motion to Stay this action pending resolution of the appeal in the related action, because the disposition of the related action necessarily affects the instant action due to the aforementioned relationship of the parties and patents, and in the interest of judicial economy. Securus opposed that motion, which was denied on March 29, 2007.

3.  **Argument**

A.  **Securus is a Proper Party**

Securus claims to have not provided inmate phones or phone services to correctional facilities because it does not have a license to do so. Thus, Securus argues, it could not have infringed TIP Systems' patents, because it does not enter into contracts or provide or operate inmate phone services associated with TIP Systems' products. These assertions, however, are not supported by the evidence and ignore the basic tenet of patent infringement, which states that "whoever without authority makes, uses, offers to sell, or sells any patented invention within the United States …during the term of the patent therefor, infringes the patent." 35 U. S. C. §271. Securus' website (www.t-netix.com) alone demonstrates unequivocally that it is offering to sell inmate phone services (which services are delivered in part via infringing devices) every day on a national level.

Securus' website boasts: "SECURUS is now the largest independent provider of collect, pre-paid and debit calling services to local, county, state and private correctional facilities in the United States." (See selected web-pages from Securus' website (3rd page), attached hereto as Exhibit "E"). Securus specifically admits to providing inmate telecommunications services to "approximately 3,100 correctional facilities in 49 states, including locations operated by city, county, state and federal authorities and other types of facilities such as juvenile detention centers and private jails." *Id.*

In addition, Securus registered its trademark with the United States Patent and Trademark Office ("USPTO") for goods and services associated with "[t]elecommunications services, namely, personal communications services...provided to prison inmates and related parties." (See United States Patent and Trademark Office Trademark Data, attached hereto as Exhibit "F"). Note that Securus did not register its mark for "a holding company that does not enter into contracts or provide inmate telephone services," as Securus describes its operations in its motion.

Securus also participates in the RFP process for obtaining inmate phone service contracts, as in the case of Kane County, Illinois' RFP. In 2005, Securus wrote to Sheriff Ken Ramsey of that county that "<u>Securus/Evercom</u> is pleased to submit our proposal to Kane County so that we can continue to serve and be an asset as the county's Most Valued Technology Partner and <u>Inmate Telephone Provider</u>." (emphasis added). (Securus' letter to Sheriff Ramsey, although on Evercom letterhead, is attached hereto as Exhibit "G"). Note here that the plural word "our" is used, denoting that both Securus and Evercom jointly propose the RFP response. Securus and Evercom are jointly named throughout the proposal to Sheriff Ramsey. *Id.*

Further, Securus' Vice President of Servicing Operations, Robert Lee Rae, Jr. (the deposition transcript of Robert Lee Rae, Jr., is attached hereto as Exhibit "H"), testified in the related action[5] that he is the "senior executive responsible for servicing the Evercom customers." (Ex. H, p. 4, ll. 9-17). According to Rae, Securus is primarily in the business of (1) "inmate telephone service," and (2) "jail management software applications." (Ex. H, p. 13, ll. 10-20).

---

[5] TIP Systems and Securus have been engaged in settlement negotiations since the time this Court allowed for the deposition of a Securus representative to be deposed with respect to the instant motion. Securus proposed, as a cost and effort-saving measure and part of settlement negotiations, that a properly noticed Securus 30(b)(6) deposition not take place. Nevertheless, Securus' representative testified in the related action, on May 25, 2006, and his testimony supports TIP Systems' position that Securus is a proper party to the instant action.

Rae explained that "Evercom is a service provider and I run the operations, so in effect I'm delivering the service through my organizations." (Ex. H, p. 17, l. 22 – p. 18, l. 2). Rae is also a member of an executive leadership team that meets once per week to determine how best to steer his company, including performing financial analysis on the profitability of the inmate phone business, and how to increase profits from the inmate phone business. (Ex. H, p. 67, ll. 8-25 – p. 68, ll. 1-23). He testified that the majority of Securus' annual "top line revenue" from inmate phone commissions is about two hundred eighty million dollars ($280,000,000.00) (Ex. H, p. 54, ll. 9-25 – p. 55, ll. 17). Thus, according to Rae, Securus is not only directly involved in providing inmate telephone services, it profits greatly therefrom.

Rae also testified that, with respect to RFP responses prepared for inmate facilities, he is "personally [involved in reviewing] a small percentage" of these responses for "[t]he big deals or something that has something complex," and that this occurs approximately once per month. (Ex. H, p. 33, ll. 22-p. 34, l. 18; p. 35, ll. 6-12). Rae admitted that his company purchased cord-free phones from Phillips & Brooks/Gladwin, Inc. (Ex. H, p. 64, ll. 10-12), and, prior to purchasing the 7090SPSS phone from Wintel, that he personally received a prototype of the SPSS, discussed the phone with Wintel president Hank Smith (also Wintel's expert witness in the related case), and had a legal review of the phone to determine issues of infringement. (Ex. H, p. 110, ll. 2- 22; see also pp. 111-121). Further, he testified that Chris Price, director of Securus' supply chain, reports directly to Rae, and has also purchased and installed the 7090CF and 7090SPSS phones. (Ex. H, pp. 130, ll. 4-14; see also pp. 132-144). In other words, Securus is not only in direct control of the business of its subsidiaries, it controls the products they use.

Finally, according to the Texas Secretary of State records, Securus' directors include Brian Schwartz, Dick Falcone and Lewis Schoenwetter. (See Exhibit "I"). Evercom, Inc.'s

officers include Brian Schwartz, Dick Falcone and Lewis Schoenwetter. (See Exhibit "J"). Evercom Holdings, Inc.'s officers and directors include Brian Schwartz, Dick Falcone, Lewis Schoenwetter, and Bob Rae. (See Exhibit "K"). Evercom Systems, Inc.'s officers include Brian Schwartz, Dick Falcone, Lewis Schoenwetter and Bob Rae. (See Exhibit "L"). T-Netix, Inc.'s officers and directors include Brian Schwartz, Dick Falcone and Bob Rae. (See Exhibit "M"). T-Netix Telecommunications Services, Inc.'s officers and directors include Lewis Schoenwetter and Dick Falcone. (See Exhibit "N"). In almost every instance, identical addresses are given for these officers, who clearly operate the collective entities as one business: the business of providing inmate telecommunications services.

As Securus' website, intellectual property, advertising, RFP responses, correspondence, financial documents, governmental documents and testimony show, Securus is certainly in the business of selling and offering for sale inmate phone services, and through those services has infringed TIP Systems' patents. Securus is a proper party to this action, but at the very least these genuine issues of fact must be placed before a jury. Summary judgment is thus inappropriate.

**B.     Neither Res Judicata Nor Judicial Efficiency Preclude TIP Systems' Claims**

Securus' position that *res judicata* warrants a grant of summary judgment in this action ignores the fact that, if the judgment in the related action is reversed on appeal, this Court will also have to reverse any judgment which was based on *res judicata*. Proctor & Gamble Co. v. Amway Corp., 376 F.3d 496, 498-99 (5th Cir. 2004). Here, the related action is currently on appeal to the Federal Circuit, and judicial efficiency is better served if the instant action is stayed pending the appeal, saving the costly re-introduction of parties to the instant matter. In addition, Conversant Technologies, Inc. is also a party to the instant action, which entity is not affected by

the grant of summary judgment of non-infringement in the related action, thus this action will not be resolved by any entry of summary judgment in favor of Securus. Furthermore, costly motions practice and arguments will be necessitated for any judgment in the instant action to be reversed after a decision by the Federal Circuit. Therefore, TIP Systems hereby renews its Motion to Stay the instant action or alternatively, defer ruling on Securus' motion for summary judgment pending disposition of the appeal of the related action.

Moreover, the doctrine of *res judicata* can only apply if the parties involved in separate suits are identical or in privity. Id. Securus itself has argued that it is not an identical party in the business of providing inmate telephone services or party in privity to same. Securus cannot claim it has no relation to the infringements in the related action and also claim the benefits of issues adjudicated in the related action.

Again, TIP Systems attempted to join Securus as a party to the related action, and the district court denied its motion. Thereafter, TIP Systems attempted to consolidate the two actions, and/or to have both actions adjudicated by Judge Vanessa Gilmore, but consolidation or transfer was also denied. After summary judgment was entered in the related action, TIP Systems timely appealed the finding of summary judgment, and immediately filed a Motion to Stay in this action to efficiently coordinate both actions in light of the appeal. That motion was also previously denied. Securus now argues that the instant action should be dismissed in the interest of judicial efficiency, but ignores that the Court itself has dictated that the two actions be tried separately. Securus' argument thus fails, as there is no inefficiency which has not been judicially dictated in this action.

  **C. Summary Judgment of Non-Infringement, Invalidity and Willfulness are Not Appropriate**

Securus has set forth identical arguments on non-infringement, invalidity and willfulness as made by the Evercom Defendants in their Motion for Summary Judgment filed in the related action. As stated above, each of these issues is currently on appeal to the Federal Circuit. TIP Systems therefore incorporates its response to same herein (said Response is attached hereto as Exhibit "O"), and asserts that summary judgment should not be granted in favor of Securus.

  **D. Summary Judgment on the Issue of Inequitable Conduct is Not Appropriate**

Securus' assertions that TIP Systems failed to disclose prior art to the USPTO is based upon the assertion that the infringing phone that SBC developed and had PBG manufacture constitutes material prior art. Such assertions are untenable. Securus would have this Court believe that TIP Systems hid the existence of this phone from the USPTO, but actually, TIP Systems did disclose this phone to the Patent Office. Securus totally ignores that fact and also ignores that TIP Systems already had a patent, the '169. Ex. A. The application that resulted in the '828 patent was filed because TIP Systems found that there was an infringing product on the market, the PBG phone, and identified that very phone to the USPTO. (See Selected File Wrapper Contents relative to application No. 09/459,314, attached as Exhibit "P").

  This PBG phone that is at issue only came to be after SBC representative Danny Ruiz obtained from TIP Systems its invention under a Field Test and Non-Disclosure agreement. See TIP Systems' Response to SBC's Motion for Summary Judgment, at 8-11 (attached hereto as Exhibit "Q"). *See also* Ex. D (Doc. 165). Mr. Ruiz then sent the TIP Systems invention to PBG for copying, and developed the PBG infringing 7090CF phone. This was no prior art. It was a copy. Ex. Q.

Furthermore, the patents in suit each track a prosecution history which dates from February 3, 1998, the original filing date of the '169 patent. Ex. A. The '828 patent was a continuation of application No. 09/459,314, filed on December 10, 1999, now abandoned, which was a continuation-in-part of application No. 09/017,982, filed on February 3, 1998, which issued as the '169 patent. Ex. B. Inventor Mark Styron testified at his deposition that, believing the 7090CF phone to be infringing on his '169 patent, he brought the 7090CF phone to his patent counsel and was advised to file a continuation application. It is remarkable that Securus not only claims the infringing device is prior art, but also claims that somehow Mr. Styron hid it from the USPTO. Mr. Styron's sole purpose in applying for what became the '828 patent was to deal with the infringing device, and in fact, filed a Petition to Make Special to advance the USPTO's Review. Ex. P. The Patent Office had full knowledge of the device and it could have characterized it any way it chose.

What the USPTO did choose to do was to say the '828 application was so obvious from the already granted '169 patent that it could not be given independent life as a patent without a terminal disclaimer. (See Selected File Wrapper Contents relative to the '828 patent, attached as Exhibit "R"). TIP Systems was required to file a "terminal disclaimer" on the '828 patent such that it would expire on the same date as the '169 patent. Ex. R. Securus contends that the 7090CF phone is identical to and thus prior art to the '828 patent, however, a Patent Office Examiner found the '828 patent obvious in light of the '169 patent. Using Securus' own logic, it can only follow that the 7090CF is obvious in light of the '169 patent, and infringing upon same, a fact brought to the attention of the USPTO in the '828 continuation application.

Finally, the Federal Circuit Court of Appeals has noted the heavy burden of proof associated with this defense (clear and convincing standard) in connection with the alarming

frequency of infringers raising the issue of inequitable conduct "in almost every major patent case," calling it "an absolute plague." <u>Burlington Industries, Inc. v. Dayco Corp.</u>, 849 F.2d 1418, 1422 (Fed. Cir. 1988).  <u>See</u> <u>also</u> <u>Multiform Desiccants, Inc. v. Medzam, Ltd.</u>, 133 F.3d 1473, 1482 (Fed. Cir. 1998); <u>Kingsdown Medical Consultants, Ltd. v. Hollister Inc.</u>, 863 F.2d 867, 876 & n.15 (Fed. Cir. 1988).  Securus cannot meet this burden on summary judgment, and same should be denied.

4. **Conclusion**

For all of the above-stated reasons, TIP Systems requests that this Honorable Court deny Defendant Securus Technologies, Inc.'s instant motion.

                **Respectfully Submitted,**

                **OBERMAYER REBMANN MAXWELL**
                **& HIPPEL LLP**

                BY:_____/S/_____
                **GARY M. SAMMS**
                PA BAR NO. 58096
                **ATTORNEY-IN-CHARGE**
                **FOR TIP SYSTEMS, LLC AND TIP**
                **SYSTEMS HOLDING CO., INC.**

OF COUNSEL:

**WILLIAM A. WORTHINGTON**
STATE BAR NO. 22010300
FEDERAL BAR NO. 1692
**JOHN K. SPILLER**
STATE BAR NO. 18937000
FEDERAL BAR NO. 13993
**STRASBURGER & PRICE, LLP**
1401 MCKINNEY STREET, SUITE 2200
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 FAX

**JEFFREY S. BATOFF, ESQUIRE**
PENNSYLVANIA BAR NO. 41129
**NICHOLAS PODUSLENKO, ESQUIRE**
PENNSYLVANIA BAR NO. 51562
**MATTHEW A. KELLY, III, ESQUIRE**
PENNSYLVANIA BAR NO. 80691
**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
ONE PENN CENTER – 19TH FLOOR
1617 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103-1895
(215) 665-3000
(215) 665-3165 FAX

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIP SYSTEMS, LLC, ET AL. § | |
| § | |
| PLAINTIFFS, § | |
| § | |
| VS. § | Case No. 4:06-cv-0253 |
| § | |
| SBC OPERATIONS, INC., § | |
| ET AL. § | |
| § | |
| DEFENDANTS. § | |

## CERTIFICATE OF SERVICE

I, Gary M. Samms, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiffs' Response to Defendant Securus Technologies, Inc.'s Motion for Summary Judgment was served this 31st day of May, 2007, electronically, upon the following:

| | |
|---|---|
| Brian McCormack, Esquire<br>Nathan A. Engels, Esquire<br>Baker & McKenzie<br>2001 Ross Avenue, Ste. 2300<br>Dallas, TX 75201 | Jeffrey S. Lowenstein, Esquire<br>Bell, Nunnally & Martin, LLP<br>3232 McKinney Avenue<br>1400 One McKinney Plaza<br>Dallas, TX 75204 |
| Aubrey "Nick" Pittman, Esquire<br>The Pittman Law Firm<br>100 Crescent Court, Suite 700<br>Dallas, TX 75201 | |

                                                                                           /s/
                                        Gary M. Samms, Esquire
                                        Attorney-In-Charge for Plaintiffs