IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIP SYSTEMS, LLC and TIP SYSTEMS HOLDING CO., INC., | § § § | |
| Plaintiffs, | § § | Case No. 4:06-cv-00253 |
| v. | § § | |
| SBC OPERATIONS, INC., et al., | § § | |
| Defendants. | § § | |

**SECURUS TECHNOLOGIES, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Securus Technologies, Inc. ("Securus") files this Reply to Plaintiffs TIP Systems, LLC and TIP Systems Holding Company, Inc.'s ("TIPS") Response to Securus's Motion for Summary Judgment (the "Motion"), and would respectfully show the Court the following in support:

## INTRODUCTION

Despite TIPS's misplaced arguments that serve as mere smokescreens to deflect from the real issue—whether or not Securus provides, or has ever provided, any of the inmate telephones that are alleged to infringe the patents that appear in this suit.[1] Even after reviewing all of TIPS' evidence, the fact remains that Securus cannot and does not provide inmate telephone services or products, and therefore Securus is not a proper party to this suit. TIPS spends a significant amount of time in its response throwing out irrelevant arguments seemingly related to an untimely, and misguided, attempt to make a "piercing the corporate veil" argument. However, TIPS cannot evade the only dispositive question in determining

---

[1] The telephone products accused of infringement are the cord-free telephone models 7090CFSS and the 7090SPSS.

whether Securus is a proper party to this suit: does Securus make, use, sell, or offer for sale the inmate telephone products alleged to infringe the patents at issue in this suit? Even TIPS cannot refute that the answer to this question is a resounding no, and accordingly, Securus must be dismissed from this suit. In fact, as Securus is not a tariffed entity, it does not have the proper federal, state, or local regulatory certificates and tariffs to even make it possible for Securus to provide or offer inmate telecommunications services and products. For obvious reasons, the fact that the regulatory framework and requirements make it impossible for Securus to be the proper party to this suit is a fact that TIPS attempts to evade. Not only that, TIPS has not put forth any summary judgment evidence that would create a fact issue that Securus never made, used, or sold any of the accused telephones.

Additionally, TIPS's response to the Motion essentially concedes that this suit must be dismissed against Securus on *res judicata* grounds because, in a related lawsuit involving identical facts, claims, and parties in privity[2], TIPS's infringement claims were dismissed as a matter of law on February 28, 2007.[3] TIPS provides no substantive response to defeat Securus's summary judgment arguments on *res judicata* grounds; instead, TIPS meekly reurges its motion to stay the proceedings, which this Court has already denied. Consequently, as a matter of law, this suit must be dismissed against Securus based on the doctrine of *res judicata*.

---

[2] *See* the Declaration of Robert L. Rae ("Rae Decl.") at ¶¶ 3-5, which was previously filed with the Court as Exhibit B to Securus's Motion for Summary Judgment (Docket No. 63).

[3] The lawsuit referenced is *TIP Systems, LLC and TIP Systems Holding Co., Inc. v. Phillips & Brooks/Gladwin, Inc., et al.*, Civil Action No. H-04-3718, which was filed in the United States District Court for the Southern District of Texas ("the Related Case"). The Securus subsidiaries and affiliates named as defendants in the Related Case were Evercom, Inc., Evercom Systems, Inc., Evercom Holdings, Inc., T-NETIX, Inc., T-NETIX Telecommunications Service, Inc., and TZ Holdings, Inc. (collectively "Evercom").

Additionally, Securus is entitled to prevail on its Motion regarding non-infringement, the invalidity of the patents-in-suit[4], and willfulness—arguments that TIPS fails to even address other than to reassert the arguments made in the Related Action on which Securus has already prevailed on the merits.

Finally, Securus is also entitled to prevail on its Motion on the basis that TIPS engaged in inequitable conduct during the prosecution of the '828 Patent. TIPS cannot hide from the fact that TIPS's President, Mark Styron ("Styron"), and the sole named inventor of the '828 Patent, admitted in his deposition that he was not the true inventor of the telephone disclosed in the '828 Patent.

Therefore, on the foregoing bases, Securus asks that it's Motion be granted as a matter of law, and TIPS's claims against Securus be dismissed with prejudice.

## ARGUMENTS AND AUTHORITIES

### A.  Securus is Not a Proper Party

TIPS spends the bulk of its response arguing that Securus is a proper party to this suit because Securus is "affiliated with" Evercom and stands to benefit from Evercom selling inmate telecommunications services and products. Apparently, although without explicitly stating so, TIPS is attempting to argue that the corporate veil of Securus should be pierced despite TIPS having failed to plead any alter ego theory or present any persuasive evidence to meet the elements of a piercing the veil theory.[5] As such, not only does any argument by TIPS to

---

[4] The patents-in-suit are US Patent No. 6,009,169 and US Patent No. 6,512,828 ("828 Patent").

[5] At a minimum, TIPS is required to demonstrate fraud on behalf of Securus in order to pierce the corporate veil and hold Securus liable for the actions of entities in which it holds shares. *See Concept Clothing Co. v. Dabney*, 2003 WL 23208272 at *4 (N.D. Tex. 2003) (holding that to pierce the corporate veil where a tort is claimed requires a showing of actual or constructive fraud). No such fraud is pled or alleged by TIPS.

disregard the corporate formalities fail, but this Court should decline TIPS's invitation to consider such an untimely and unpled claim.

TIPS's numerous declarations and exhibits that purportedly demonstrate that Securus made, sold, offered for sale, or provided the inmate telephones accused of infringement in this suit only demonstrate one thing—Securus is a holding company that does not provide inmate telecommunications products or hardware, and is the parent company of affiliates and subsidiaries that provide inmate telecommunications products and hardware.

In fact, TIPS does not offer one document that demonstrates that "Securus itself" offers any telecommunications products or services or enters into any contracts with inmate facilities. Of the more than 8,000 separate documents produced in this or the Related Case, TIPS cannot show a single contract to which Securus is a party. The best TIPS can do is point to a <u>reference</u> to "Securus/Evercom" in a single Request for Proposal Response to Kane County, although, as the Court will note, TIPS tellingly does not discuss the fact that no contract was ever entered into in which Securus was a contracting party.

The reason TIPS cannot point to a single contract entered into by Securus and any inmate facility is simple—Securus is a holding company that does not enter into contracts or provide inmate telephone services or hardware, including the telephones at issue in this suit. *See* Rae Decl. at ¶ 5. Specifically, Securus is the parent company of certain entities named in the Related Case as defendants, mainly Evercom Systems, Inc. ("Evercom Systems") and T-NETIX Telecommunications Services, Inc. ("T-NETIX"). In fact, Evercom Systems and T-NETIX are the *only* Securus-affiliated entities that are tariffed and therefore permitted to enter into contracts to provide telecommunications services to inmate facilities. *Id.* It is telling that TIPS cannot show a single certification or tariff in Securus's name that would enable Securus to offer

telecommunications services to correctional facilities. Instead, TIPS makes a strained attempt at demonstrating that Securus is a proper party by citing to Securus's trademark filing[6], as if that description was dispositive as to what services or products Securus could offer under regulatory laws, or somehow overcame the regulatory restrictions that prevent Securus from providing inmate telecommunications products, services and hardware. In other words, Securus is not, and cannot be, a telecommunications provider (of services or products) because it does not have the <u>required federal or state regulatory certifications</u> to do so.

It is also publicly known and disclosed by Securus that Securus is a non-tariffed entity that does not actually conduct any operations that provide or sell telecommunications services or hardware. For example, in Securus's 10K for Fiscal Year 2006, Securus stated, ". . . all of our operations are conducted through our subsidiaries." *See* Securus's 2006 10K (at App. 1 to 2) at p. 17. As such, Securus did not provide, and in fact could not have provided or operated, the 7090CFSS and 7090SPSS phones at issue in this suit, and therefore, Securus is an improper party.

Instead of directly addressing the issue, TIPS attempts to distract the Court from the real issue of whether Securus provides or offers the telephones accused of infringement by, in part, relying upon the deposition testimony of Robert L. Rae in the Related Case—a deposition taken in a case in which Securus was not a party and concerning the operations of Evercom, not Securus. At no point does Rae's deposition ever indicate that Securus was an entity that provided inmate telecommunications products or services or entered into contracts with inmate facilities. In fact, Rae's deposition indicates the opposite. For example, as TIPS itself strangely cites in its response, Rae testifies that he is a senior executive servicing the "Evercom

---

[6] *See* TIPS's Response at p. 5 (Docket No. 60).

customers." *See* May 25, 2006, Deposition of Robert L. Rae ("Rae Dep.") at 4: 16-17[7]. In other words, the customers, or more precisely the correctional facilities, are provided services and products by Evercom, who is the service provider, not Securus. Rae even goes on to testify that, as indicated by a chart produced in the Related Case listing all the 7090CFSS and 7090SPSS telephones installed by any entity affiliated with Securus[8], all contracts related to the installation of the cord-free phones at issue in this suit have always been and still are with either Evercom or T-NETIX, and not Securus. *See* Rae Dep. at 137: 22- 138: 12.

In short, Securus has never provided the telephone products accused of infringement in this suit—a fact which TIPS, while skirting around the issue, never refutes. To allow TIPS two bites of the apple by not dismissing Securus from this suit when TIPS has already had its claims dismissed on the merits against Evercom Systems and T-NETIX, the actual provider of the products accused of infringement, would be improper and inequitable. Furthermore, TIPS would not be able to (under any set of facts) recover damages from Evercom, T-NETIX, and Securus for the same phones. Accordingly, Securus is not a proper party to this suit, and Securus requests that it be dismissed with prejudice from the instant suit.

### B. TIPS'S Claims are Barred by the Doctrine of *Res Judicata*

TIPS is also unable to produce any substantive argument to defeat the fact that TIPS's claims are precluded by the *res judicata* doctrine.[9] Instead, TIPS meekly reurges its arguments that it would serve judicial "efficiency" to stay these proceedings to allow Securus to potentially

---

[7] A true and correct copy of the relevant excerpts of the Rae Dep. are attached at App. 3 to 8.

[8] A true and correct copy of the chart entitled "Cord Free Site Listings & Revenues" is attached at App. 9 to 12.

[9] There are four requirements that must be met to bar a claim under the doctrine of *res judicata*: (1) the parties to the first and subsequent suit must be identical or in privity; (2) judgment in the prior suit must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded on the merits; and (4) the same claim or cause of action must be involved in both suits. *See Coleman v. Disabled American Veterans*, 250 F.3d 740, 740 (5th Cir. 2001) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

linger in this suit for years pending TIPS's appeal in the Related Case, an argument this Court previously rejected as set forth in the Court's March 30, 2007, minute entry for docket call. (Docket No. 57).

Additionally, TIPS makes a cursory argument that Securus does not have privity with the Evercom Defendants in the Related Case because Securus is not "an identical party." This is a complete misstatement of what privity entails under Texas law. A party is in privity for the purposes of a *res judicata* analysis if (1) it can control the action even though not a party to it; (2) its interests can be represented by a party; or (3) it can be a successor in interest, deriving its claim through a party to the prior action. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996).

Applying the *Amstadt* Court's analysis, it is clear that Securus is in privity with the Evercom Defendants in the Related Case. For example, Securus's wholly-owned subsidiaries, Evercom Systems and T-NETIX, which are tariffed entities, enter into contracts with correctional facilities to provide telecommunications services and hardware. Rae Decl. ¶¶ 3-5. Moreover, the present suit and the Related Case involve the exact same facility locations, same accused telephone products, same series of events, identical allegations of infringement, and even same counsel on behalf of Securus and Evercom, even though Securus never operated the accused products. There is not one additional telephone product, patent, event, or any other fact that would be a part of this suit as it relates to Securus that was not already a part of the Related Case as related to Securus's subsidiaries. *Id.* at ¶ 3.

The doctrine of *res judicata* "bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in the prior suit." *In re Erlewine*, 349 F.3d 205, 210 n.5 (5th Cir. 2003) (quoting *Bonniwell v. Beech Aircraft Corp.*, 663

S.W.2d 816, 818 (Tex.1984)). However, in this case, TIPS failed to exercise the requisite diligence required, instead trying to bring Securus into the Related Case one year and three months after the case was commenced. *See* Docket Report of the Related Case[10] (Docket No. 108). The Court in the Related Case denied TIPS's dilatory and belated effort at bringing Securus into the Related Case as a party. *Id.* (Docket No. 113). It would hardly be equitable to now reward TIPS and grant them a second chance at trying the same claims against Securus when TIPS has already had its claims dismissed on the merits in a case in which Securus was not a party only due to TIPS's failure to take timely and diligent action.

For the foregoing reasons, the final judgment in the Related Case must result in the dismissal of this suit as a matter of law under the doctrine of *res judicata*.

**C.     Securus Should Prevail on the Issues of Non-Infringement, Invalidity, and TIPS's Willful Infringement Claim**

TIPS does not respond, other than to reurge arguments previously asserted by TIPS in the Related Case, to Securus's summary judgment arguments related to non-infringement of the patents-in-suit, invalidity of the patents-in-suit, and Securus's summary judgment arguments requesting the dismissal of TIPS's willful infringement claim. Of course, these reurged arguments of TIPS have already resulted in TIPS's claims being dismissed on the merits in the Related Case. Securus reasserts and incorporates in its entirety its arguments related to non-infringement, invalidity, and TIPS's failure to allege sufficient facts so as to allow a claim of willful infringement to remain in this suit, and requests that TIPS's claims against Securus be dismissed with prejudice on the grounds of non-infringement, and the patents-in-suit be declared invalid on the basis of anticipation, obviousness, enablement, indefiniteness, failure to disclose the best mode of the claimed invention, and the on-sale bar. *See* Docket No. 63 at pp. 8-25.

---

[10] The relevant portions of which are attached at App. 13 to 15.

D.  **The '828 Patent is Unenforceable Due to the Inequitable Conduct Committed During the Prosecution of the '828 Patent**

Patent applicants and their attorneys owe an "uncompromising" duty of candor, good faith, and honesty in the prosecution of a patent application. *See Hycor Corp. v. Schlueter Co.*, 740 F.2d 1529, 1540 (Fed. Cir. 1984). Inequitable conduct includes affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information coupled with an intent to deceive. *See Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000).

Determination of inequitable conduct requires a two step analysis. First, the trial court must determine whether the conduct meets a threshold of materiality. Second, the trial court must also determine whether the evidence shows an intent to mislead the United States Patent and Trademark Office ("USPTO"). *Id.* at 1318-1319; *see also Baxter International, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1327 (Fed. Cir. 1998). Movant does not have to show direct evidence of intent, but rather intent can be inferred from a showing of acts for which the natural consequences are presumably intended by the actor. *See Buehler AG v. Ocrim*, 836 F. Supp. 1291, 1299 (N.D. Texas 1992).

TIPS attempts to defeat the inequitable conduct claim by relying on the prosecution history of the '828 Patent in which Styron "disclosed" a phone to the USPTO invented by Phillips and Brooks/Gladwin, Inc. ("PBG"). However, what TIPS fails to mention is that Styron only disclosed the PBG telephone to accuse PBG of infringement, instead of Styron revealing the fact that the PBG telephone was highly material prior art. In other words, TIPS attempts to refute the inequitable conduct claims by relying on the very misrepresentations made by Styron that serve as the basis for the inequitable conduct claim; the very misrepresentations that render the '828 Patent unenforceable.

That irony aside, TIPS cannot evade the fact that Styron admitted that he made material misrepresentations to the USPTO during the prosecution of the '828 Patent. For example, Styron admitted he saw and photographed the PBG telephone at a trade show on October 20, 1999, which was before he ever contacted his patent attorney regarding the application for the '828 Patent. *See* Deposition of Mark Styron, Vol. II ("Styron Dep.") at 49:18-25; 138: 10-17; 140:8-10 (the relevant portions of which are attached at App. 16 to 25). The PBG telephone that Styron saw and photographed was, like the patent application that Styron subsequently filed that became the '828 Patent, a telephone with an external earpiece and mouthpiece, and, importantly, a telephone that did not have a handle within the phone's housing. However, as TIPS itself points out, Styron did not disclose the PBG phone as prior art, but instead submitted a "Petition to Make Special Because of Actual Infringement," in which Styron boldly misstated that the PBG phone was infringing the invention disclosed in the '828 Patent, rather than the fact that the PBG telephone was in fact prior art to the '828 Patent. *See* February 24, 2000, Petition to Make Special (App. 26 to 27).

Styron, based on his own admissions, was well aware of the fact that he was not the true inventor of the cord-free telephone disclosed in the '828 patent. Styron testified:

> Q.   Sir, did you invent the cord-free phone that did not have a handle, but
>      did have an earpiece and a mouthpiece that extended through the
>      front face of the phone?
> A.   I did not have one that way, no.
> Q.   You didn't invent that?
> A.   No.

Styron Dep. at pp. 144:24- 145:11.

Based on the foregoing, the only logical conclusion is that Styron intentionally misled the USPTO regarding the prior art nature of the PBG phone and the fact that Styron was not the true inventor of the '828 Patent. Therefore, the '828 patent is unenforceable because Styron made

material misrepresentations to the USPTO during the prosecution of the '828 patent.

## CONCLUSION AND PRAYER

The evidence is clear that Securus is not a proper party in this lawsuit. Additionally, even if Securus had been brought into the Related Case, it still would have been entitled to summary judgment on the same grounds as alleged herein.

Accordingly, Securus respectfully requests this Court enter an order granting Securus summary judgment on the following grounds: (1) Securus is an improper party to this suit; (2) TIPS's claims are barred by the doctrine of *res judicata*; (3) phone models 7090CFSS and 7090SPSS do not infringe the patents-in-suit, either literally or equivalently; (4) there is no evidence of willful infringement; (5) the patents-in-suit are invalid based on anticipation, obviousness, enablement, for failing to meet the best mode requirements, and indefiniteness; (6) the '828 patent is invalid under the on-sale bar doctrine; and (7) the '828 patent is unenforceable due to the inequitable conduct committed during the prosecution of the '828 patent. Securus further requests that the Court award all other legal or equitable relief to Securus that this Court deems proper.

Respectfully submitted,

**THE PITTMAN LAW FIRM, P.C.**

By: /s/ Aubrey "Nick" Pittman
    State Bar No. 16049750
    Federal Bar No. 14897

The Pittman Law Firm
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone:   (214) 459-3454
Facsimile:   (214) 853-5912

and

**BELL NUNNALLY & MARTIN LLP**

By: /s/ Neal J. Suit
    Jeffrey S. Lowenstein
    State Bar No. 24007574
    Federal Bar No. 566897
    Neal J. Suit
    State Bar No. 24041988
    Federal Bar No. 619893

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone:   (214) 740-1400
Facsimile:   (214) 740-1499

**ATTORNEYS FOR DEFENDANT
SECURUS TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon all counsel via electronic notice on the 8th day of June, 2007, as follows:

Jeffrey S. Batoff
Nicholas Poduslenko
Gary M. Samms
Matthew A. Kelly, III
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103-1895

William A. Worthington
Strasburger & Price LLP
1401 McKinney, Suite 2200
Houston, Texas 77010-4035

Brian C. McCormack
Nathan A. Engels
Baker & McKenzie
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201

/s/ Neal J. Suit
Neal J. Suit

360166-1