**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TIP SYSTEMS, LLC and § | |
| TIP SYSTEMS HOLDING CO., INC., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-06-0253 |
| § | |
| SBC OPERATIONS, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER**

TIP Systems, Inc. and TIP Systems Holding Co. ("TIP Systems") sued SBC Operations, Inc., Securus Technologies, Inc. ("Securus"), Conversant Technologies, Inc. ("Conversant"), AT&T Corporation, TCG Public Communications, Inc., and John D. Profanchik, alleging patent infringement. TIP Systems holds United States Patent No. 6,009,169 (the "'169 patent") and United States Patent No.6,152,828 (the "'828 patent"). The '169 patent covers an "inmate phone" supplied to correctional facilities for prisoners' use. The '828 patent is a continuation-in-part of the '169 patent. TIP Systems alleges that the defendants' inmate telephones infringe one or both of these patents.

This court granted Securus's summary judgment motion, holding that Securus is not a proper party to this suit, that TIP Systems's claims against Securus are barred by collateral estoppel, and that Securus's inmate telephones do not infringe the '169 or '828 patents literally or under the doctrine of equivalents. (Docket Entry No. 69). TIP Systems has

appealed to the Federal Circuit, (Docket Entry No. 70), and has moved to stay the proceedings in this case pending resolution of the appeal, (Docket Entry No. 71). Conversant and Profanchik have responded, opposing the motion to stay on the grounds that TIP Systems's appeal has no legal or practical effect on its claims against Conversant and Profanchik, that no effort has been made to prosecute the claims against Conversant and Profanchik for a year, and that a stay would be prejudicial by making them remain as defendants to federal patent litigation indefinitely. (Docket Entry No. 75).

When presented with a motion for discretionary stay pending appeal, a court considers four factors: whether the movant has made a showing of likelihood of success on the merits; whether the movant has made a showing of irreparable injury if the stay is not granted; whether granting the stay would substantially harm the other parties; and whether granting the stay would serve the public interest. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001) (citing *In re First S. Sav. Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987)). "While each part must be met, the appellant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.* at 438–39 (internal quotations omitted) (citing *In re First S. Sav. Assoc.*, 820 F.2d at 704)).

TIP Systems advances no arguments to support its motion to stay. Judicial efficiency is not served given the additional parties who remain in this case. Conversant and Profanchik also point out that TIP Systems's appeal "has no bearing on Conversant and Profanchik."

(*Id.* at 3).  Noting that TIP Systems has failed to take "any action to prosecute [this] case against Conversant or Mr. Profanchik," Conversant and Profanchik argue that a stay would relieve TIP Systems of any obligation to prosecute its claims against Conversant and Profanchik and would "further [TIP Systems's] improper desire to keep Conversant and Mr. Profanchik in judicial limbo." (*Id.* at 3).

TIP Systems has not shown that a stay is warranted.  The motion to stay is denied. Conversant and Profanchik request "that this case be disposed of in any appropriate manner as soon as possible." (Docket Entry No. 75 at 3).  Conversant and Profanchik have until **April 4, 2008**, to file a dispositive motion.

SIGNED on March 4, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge